IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

QUANNAH HARRIS
D/B/A LAST MINUTE CUTS,

    Plaintiff,

v.                                                              Case No. 2:22-cv-2478-MSN-tmp
                                                             JURY DEMAND

STATE OF TENNESSEE OFFICE OF THE
SECRETARY OF STATE ADMINISTRATIVE
PROCEDURES DIVISION, and
JUDGE MATTIELYN WILLIAMS,

    Defendants.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING
DEFENDANTS' MOTION TO DISMISS**

---

Before the Court is Chief Magistrate Judge Pham's Report and Recommendation (ECF No. 15, "Report"), which recommends that Defendants' Motion to Dismiss (ECF No. 10, "Motion") be granted based on Eleventh Amendment and judicial immunity and Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief (ECF No. 7, "Amended Complaint") be dismissed with prejudice; or, in the alternative, that the Motion be granted based on *Younger* abstention and Plaintiff's Amended Complaint dismissed without prejudice. (*See* ECF No. 15 at PageID 181.) Plaintiff timely filed objections to the Report (ECF No. 16), and Defendants timely responded to the objections (ECF No. 17). Plaintiff also filed a reply to Defendants' response, without seeking leave to do so. In the interest of justice, the Court will nevertheless consider Plaintiff's unauthorized reply. For the reasons set forth below, Plaintiff's objections to the Report are

**OVERRULED**, Defendant's Motion is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED** with prejudice.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an

2

objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **FINDINGS OF FACT & BACKGROUND**

Plaintiff made no objections to the Report's Proposed Findings of Fact. In fact, she copied them and included them in her objections as her "Statement of Relevant Facts." (*See* ECF No. 16 at PageID 188–91.) The Court therefore **ADOPTS** the Report's Proposed Findings of Fact.

As a brief background, Plaintiff Quannah Harris ("Harris") is a barber in Memphis, Tennessee and owner of Last Minute Cuts School of Barbering and Cosmetology ("Last Minute Cuts"). For several years, she has been involved in a dispute regarding the licensure of Last Minute Cuts. The Tennessee Board of Cosmetology and Barbering (the "Board") first initiated administrative proceedings against Harris in 2017. These proceedings culminated in a hearing before the Board on December 6, 2021. Following an unfavorable ruling there, Harris appealed to the Shelby County Chancery Court, naming the State of Tennessee, the Tennessee Department of Commerce and Insurance, the Office of the Secretary of State Administrative Procedures Division (the "APD"), and the Board as defendants. The Chancery Court dismissed the APD, finding that "the APD's only role in the case below was to provide an administrative judge." Less than a month later, Harris filed her initial complaint in this matter—her third federal lawsuit arising from her dispute with the Board. At the time Harris filed her initial complaint, her claims in the Chancery Court remained pending.

**DISCUSSION**

In the objections' introduction, Harris states that she objects to the Report on the following grounds:

(1) there is no immunity under the Eleventh Amendment because that immunity "is precluded by the Fourteenth Amendment," (*see* ECF No. 16 at PageID 183);

(2) Administrative Law Judge Williams ("ALJ Williams") is not entitled to judicial immunity because she was acting "outside [her] judicial capacity and in the complete absence of all jurisdiction," (*id.* at PageID 184);

(3) ALJ Williams is not entitled to judicial immunity because "she did not act as a disinterested judicial adjudicator," but as an "enforcer or administrator of a statue," (ECF No. 16 at PageID 184, 187, 194–96);

(4) *Younger* abstention does not apply because there were no ongoing judicial proceedings when the complaint was filed, the Chancery Court dismissed the APD, Harris was not afforded an adequate opportunity to raise her constitutional claims, and Harris has alleged harassment (*id.* at PageID 184, 188, 197–98; *see also* ECF No. 18 at PageID 226); and

(5) Chief Magistrate Judge Pham did not apply the correct standard under Federal Rule of Civil Procedure 12(b)(6) "by failing to construe the complaint in the light most favorable to [Harris] and making reasonable inferences in favor of [Harris]" (ECF No. 16 at PageID 184, 192–93: ECF No. 18 at PageID 226).

Elsewhere in her objections and reply, Harris also appears to make the following objection:

(6) the *Ex parte Young* exception to Eleventh Amendment immunity applies to her claims, (ECF No. 16 at PageID 186, 193; ECF No. 18 at PageID 224–25).

As set forth below, after a *de novo* review of the record and each objected-to issue, the Court accepts and adopts the Report's proposed findings of fact and conclusions of law.

1. **<u>Eleventh Amendment Immunity</u>**

The Eleventh Amendment guarantees that "nonconsenting States may not be sued by private individuals in federal court." *Guertin v. State*, 912 F.3d 907, 936 (6th Cir. 2019).  And "[t]he sovereign immunity guaranteed by this Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).  A plaintiff may sue a State for damages in federal court, however, when a State expressly consents to suit or if the case concerns a federal statute that was passed by Congress pursuant to Section 5 of the Fourteenth Amendment and expresses a clear congressional intent to abrogate sovereign immunity.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996); *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

Here, Tennessee has not waived its immunity. Tenn. Code Ann. § 20-13-102; *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986).  Furthermore, the federal statute invoked in this case, 42 U.S.C. § 1983, did not abrogate the States' Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–67 (1989); *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979).

In sum, the APD is an agency of the State and is an entitled to immunity under the Eleventh Amendment.  Plaintiff's objection is **OVERRULED**.

2. **<u>Non-Judicial Acts and Absence of Jurisdiction Exceptions to Judicial Immunity</u>**

First, the Court uses a two-prong test to determine whether the non-judicial acts exception applies, which considers (1) "whether the act in question is a function that is 'normally performed by a judge,'" and (2) "whether the parties dealt with the judge in . . . her judicial capacity." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citations omitted).  Here, ALJ Williams

acted in an adjudicatory capacity when she presided over the hearing before the Board, and Harris dealt with ALJ Williams in her judicial capacity. Therefore, the exception does not apply.

Second, a judge acts "in the clear absence of all jurisdiction 'only when the matter upon which [she] acts is clearly outside the subject matter of the court over which [she] presides.'" *Id.* at 623 (quoting *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997)). Here, ALJ Williams acted in accordance with the jurisdiction granted to her by the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-101 *et seq.* Thus, this exception also does not apply.

For the reasons set forth above, the non-judicial acts and absence of all jurisdiction exceptions to judicial immunity do not apply. Plaintiff's objection is **OVERRULED**.

3.  **Judicial Immunity for Declaratory Relief**

As the Report explains, whether declaratory relief is available against ALJ Williams turns on whether she was acting in an adjudicatory capacity or as an enforcer or administrator of a statute. (*See* ECF No. 15 at PageID 170–72.) Plaintiff's objections do not explain how ALJ Williams acted as an enforcer or administrator, or how the Report's analysis on this issue erred. On *de novo* review, this Court concludes that ALJ Williams acted in an adjudicatory capacity. ALJ Williams did not initiate the action against Plaintiff; the Board did. Further, ALJ Williams performed purely adjudicatory functions, such as ruling on the admissibility of evidence and procedural questions of law; swearing witnesses; and advising agency members as to the law of the case. Therefore, no case or controversy exists between Plaintiff and ALJ Williams, and this Court does not have subject-matter jurisdiction. Plaintiff's objection is therefore **OVERRULED**.

4.  **Standard of Review**

Throughout her objections, Plaintiff alleges that the Chief Magistrate Judge "failed to follow the standard of review for a motion to dismiss" because he did not "view the facts and draw

6

all reasonable inferences in favor" of Plaintiff. (ECF No. 16 at PageID 192–94.) Plaintiff does not, however, specifically identify (1) what facts the Chief Magistrate Judge did not accept as true, or (2) what reasonable inferences he should have drawn. The crux of her argument appears to relate to her claims against ALJ Williams because she repeats her allegations that ALJ Williams "acted in corruption"; "failed to impartially oversee hearing"; "asked personal favors and/or special accommodations from the Board's attorney"; and "had secret meetings and or conversations regarding Harris' case." (ECF No. 16 at PageID 195.)

The Chief Magistrate Judge included Plaintiff's allegations about ALJ Williams in the Report's Proposed Findings of Fact, which this Court has adopted. Nowhere in the Report does the Chief Magistrate Judge state or otherwise imply that he has disregarded these allegations. Nor is the Report's conclusion about judicial immunity inconsistent with these allegations: Unless one of the exceptions discussed in the Report applies, judicial immunity extends even "to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice as has been alleged in this case." *Brookings*, 389 F.3d at 617. Plaintiff's objection is therefore **OVERRULED**.

5.   *Ex parte Young* **Exception**

One exception to Eleventh Amendment immunity is *Ex parte Young*, 209 U.S. 123 (1908). "Under *Ex parte Young*, 'suits against state officials seeking equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment.'" *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 515 (6th Cir. 2023) (quoting *Mich. Bell Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 867 (6th Cir. 2000)). The *Ex parte Young* exception "applies only when the plaintiff sues for 'prospective [injunctive] relief to end a *continuing* violation of federal law.'" *Id.* (citing *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) (emphasis added)). It

7

does not apply to past acts, and the complaint must clearly state the allegedly ongoing violations. *Id.* (quoting *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017) and *Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003)).  Plaintiff's reliance on *Ex parte Young* is misplaced.

First, as to the APD, it is immune from injunctive relief "because it is an arm of the state and the state has not waived the [APD's] sovereign immunity, nor has Congress removed it." *Morgan*, 63 F.4th at 517 (citing *Thiokol Corp.*, 987 F.2d at 381 and Tenn. Code Ann. § 20-13-102(a)).

Second, as to ALJ Williams, putting aside whether she is a state official or entitled to judicial immunity, the *Ex parte Young* exception does not apply because Plaintiff does not seek prospective injunctive relief against ALJ Williams.  The Amended Complaint describes only past actions and does not clearly allege any ongoing constitutional violations committed by ALJ Williams.

Therefore, Plaintiff's objection is **OVERRULED**.

6. ***Younger* Abstention**

As set forth above, the Court has overruled Plaintiff's objections regarding Eleventh Amendment and judicial immunity.  The Court will therefore grant the Motion on those bases and need not reach the alternative recommendation based on *Younger* abstention.

## CONCLUSION

For the reasons set forth above, this Court **ADOPTS** the Report's Proposed Findings of Fact and Proposed Conclusions of Law as to Eleventh Amendment and judicial immunity.  The Court therefore **GRANTS** Defendants' Motion to Dismiss (ECF No. 10), and Plaintiff's Amended Complaint for Declaratory and Injunctive Relief (ECF No. 7) is **DISMISSED** with prejudice.

**IT IS SO ORDERED**, this 31st day of August, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE